UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICROSOFT CORPORATION,.
a Washington corporation

    Plaintiff,

vs.                                              CASE NO. 3:07-cv-596-J-32TEM

JOHN D. GUNTHER, an individual d/b/a/.
ONYX SYSTEMS; and JOHN D. GUNTHER,
an individual,

    Defendants.
_____

## O R D E R

This case is before the Court on Defendants' Motion to Set Aside Default (Doc. #11), filed September 17, 2007. Plaintiff, Microsoft Corp., filed a response (Doc. #12) on October 1, 2007 opposing the relief sought by the instant motion.

Rule 55(c), Fed. R. Civ. P., provides for an entry of default to be set aside upon a showing of good cause. The good cause standard used in setting aside an entry of default is less rigorous than the excusable neglect standard used in setting aside a default judgment. *Equal Employment Opportunity Comm'n v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524,528 (11th Cir. 1990).

The Court has discretion in deciding whether to set aside an entry of default. *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984). Judgments by default are generally not favored and any doubt should be resolved in favor of permitting a hearing on the merits*.  Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 236 (M.D. Fla. 1993).

The good cause standard from Rule 55(c) is not rigidly defined and varies from situation to situation. *Compania Interamericana Export-Import v. Compania Dominicana de Avacion*, 88 F.3d 948, 951 (11th Cir. 1996); *Heaton v. Bonacker & Leigh*, 173 F.R.D. 533, 535 (M.D. Ala. 1997). The Eleventh Circuit has recognized that good cause is not susceptible to a precise formula, but some general guidelines are commonly applied. *Compania Interamericana*, 88 F.3d at 951. "Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.* Courts have held that a good faith procedural error is not willful and is good cause for setting aside an entry of default. *See, e.g., In re Johnson*, 1991 WL 11002465, Case Nos. 90-11663, 91-1068 (Bankr. S.D. Ga. Nov. 11, 1991) (finding good cause where counsel for defendant was under an erroneous impression as to when the response time began to run).

In the instant case, Defendant John Gunther submits good cause exists to set aside the Clerk's entry of default because he believed he was represented by counsel and that his counsel, attorney Joel Foreman, was negotiating a settlement with Plaintiff. (Doc.#11 at 2). Indeed, the record reflects counsel for Plaintiff also believed Defendant was represented by Mr. Foreman and that Mr. Foreman was interested in negotiating a settlement. (*See* Doc. #10, ¶ 7). Since counsel for Plaintiff believed Defendant was represented by counsel, all documents were served to Mr. Foreman instead of Defendant in accordance with the Federal Rules of Civil Procedure. (*See* Fed. R. Civ. P. 5(b)1).

Defendant also maintains that he did not know an entry of default had been entered against him until August 20, 2007, when he was sent a copy of the Clerks' entry of default by Mr. Foreman's law firm. (Doc. #11 at 2). Counsel for Plaintiff has produced a letter from

Mr. Foreman, dated August 17, 2007 (Doc.#13-3). In that letter, Mr. Foreman states that he received Plaintiff's notice of default against Defendant and that he wanted to inform Plaintiff's counsel that he did not represent Defendant and that any further correspondence should be sent directly to Defendant. (Doc.#13-3).

The timing and content of these letters reflect that there might have been some confusion as to whether Defendant was, in fact, represented by Mr. Foreman. Accordingly, the Court finds there is enough evidence, under the circumstances, to support the proposition that Defendant might not have been aware that he was not being represented. Therefore, the Court finds good cause exists to set aside the Clerk's entry of default, entered on August 18, 2007 (Doc. #8).

Additionally, in its response, Plaintiff requests that, if this Court were to rule in favor of Defendant, it be awarded attorney's fees associated with obtaining the entry of default and handling the instant motion. (Doc. #12). The Court, however, is not inclined to award attorney's fees at this juncture. The Court notes that Plaintiff is not forestalled from seeking costs and/or fees once the outcome of the action has been determined on the merits.

Accordingly, it is hereby **ORDERED:**

1. Defendant's Motion to Set Aside Default (Doc. #11) is **GRANTED**.

2. Defendant's Answer to Complaint (Doc. #14) is **DEEMED TIMELY FILED**.

3. Plaintiff's request for attorney's fees is **DENIED**.

4. The **Clerk is directed to <u>STRIKE</u> Exhibit A of Document #11** because it fails to comply with the Local Rules of the Middle District of Florida pursuant to the Administrative Procedures, IV. A. 4., "a filer shall mot attach as an

exhibit any pleading or other document already on file with the Court in the case but should merely refer to the document." (*See also* Local Rule 1.01(a).

**DONE AND ORDERED** at Jacksonville, Florida this 5th  day of December, 2007.

*Thomas E. Morris*

Copies to counsel of record
and *pro se* parties

**THOMAS E. MORRIS**
United States Magistrate Judge